Wachtler, J.
On August 7, 1970, defendant pleaded guilty in the City Court of Rochester to criminal possession in the third degree (Penal Law, § 165.40) a class A misdemeanor. He was adjudicated a youthful offender (Code Crim. Pro., § 913-m) and sentenced to a reformatory. In imposing sentence the court did not fix the term but it appears that the defendant is now serving four years in a State reformatory.
On appeal to the Monroe County Court the defendant argued that “ a reformatory sentence of a Youthful Offender for a misdemeanor was not authorized from 1969-1971 as said Section 913-m was amended as of September 1,1969, to limit the period of confinement for an underlying misdemeanor to one year.” The sentence was affirmed in an unreported judgment.
On this appeal the defendant claims ‘1 A 4-year reformatory sentence as a Youthful Offender for a misdemeanor was not authorized from 1969 to 1971.” Although this statement and the briefs for both sides are somewhat ambiguous, it appears that the complaint is not so much that the four-year term was excessive, but rather that no reformatory term should have been imposed at all. Thus the appellant requests that the “ sentence be vacated and the case remanded with instructions to resentence the defendant to not more than a 1-year definite term of imprisonment.”
The argument then is that in the case of a misdemeanant defendant who was adjudicated a youthful offender between 1969 and 1971, the maximum period of confinement authorized was a one-year definite period of imprisonment. A reformatory term was not available.
This is not so. A careful analysis of the statutes which were in effect at the time the defendant was sentenced, supports the People’s position that the sentence imposed was a lawful one.
Section 913-m of the Code of Criminal Procedure as amended in 1969 (L. 1969, ch. 375), effective until September 1,1971, reads as follows:
*15 “ 1. Upon adjudication of any person as a youthful offender, the court must impose one of the following sentences described by the penal law:
(a) A sentence of probation;
(b) A sentence of conditional discharge;
(c) A sentence of unconditional discharge;
(d) A reformatory or an alternate local reformatory sentence of imprisonment; or
(e) The definite sentence of imprisonment which would be authorized if the youthful offender had been convicted for the criminal act for which he was adjudicated a youthful offender.
“ 2. For the purposes of determining the period of sentence, the criteria to be used, the conditions to be imposed, the manner of revocation, the place of commitment, parole and conditional release and other such incidents of sentence, the sentences provided in subdivision one shall be governed by the provisions that would be applicable in the pase of a sentence imposed upon a conviction for the criminal act for which the person was adjudicated as a youthful offender.” (Emphasis added.)
It should be noted that subdivision 1 — concerning the sentences authorized — makes no distinction between misdemeanors and felonies. In either case a reformatory sentence was permitted. It is only in subdivision 2 that the classification of the underlying crime becomes important. This subdivision of course deals only with the duration and certain incidental aspects of the sentence. When determining the period of the sentence the underlying crime must be considered and the defendant may not receive a longer sentence than he would have had he been convicted of the underlying offense—in our case a misdemeanor. It is also important to note that the statute does not say that the defendant should receive the same term that he could have had he been an adult; it merely states that he may not receive a longer sentence than he could have had he been convicted.
If the defendant had been convicted of a class A misdemeanor — instead of being adjudicated a youthful offender — the Revised Penal Law (Penal Law, § 60.10) which was also in effect at the time of this conviction, authorizes the following sentences:
*16 1. Probation for three years (Penal Law, § 65.00, subds. 1, 3, par. [b])
2. Conditional discharge for one year (Penal Law, § 65.05, subds. 1, 3, par. [b])
3. A definite term of imprisonment for not more than one year (Penal Law, § 70.15, subd. 1)
4. A fine of not more than $5,000 (Penal Law, § 80.10, subd. 1, par. [b])
5. Both imprisonment and a fine (Penal Law, § 60.10, subd. 2, par. [d])
6. Unconditional discharge (Penal Law, § 65.20, subd. 1).
However since the defendant was between 16 and 21 years of age, he could also have been sentenced as a young adult to a reformatory term (Penal Law, § 75.00), or, although not applicable here, could have received an alternate local reformatory sentence (Penal Law, § 75.20).
Section 75.00 of the Penal Law states:
“ 1. Young Adult. For sentencing purposes, a young adult is a person who is more than sixteen and less than twenty-one years old at the time the court imposes sentence upon him.
“ 2. Reformatory sentence. When the court sentences a young adult for a crime, the court may, in lieu of any other sentence of imprisonment authorized by this title, impose a reformatory sentence of imprisonment. This shall be a sentence to imprisonment for a period of unspecified duration which shall commence and terminate as provided in section 75.10 and the court shall not fix the minimum or maximum length of the period.”
Under this section the classification of the crime is immaterial. As far as the duration of the term is concerned, all crimes are treated alike. Subdivision 1 of section 75.10 of the Penal Law states: “ Commencement and termination. A reformatory period commences when the young adult is received in an institution under the jurisdiction of the state department of corrections and terminates upon the first to occur of (a) discharge of the person by the state board of parole, or (b) service by the person of four years from the date the period commenced ”.
Clearly had the defendant been convicted of a class A misdemeanor, he could have been sentenced to a reformatory for four years. Having been adjudicated a youthful offender, he *17 was also liable to. a reformatory sentence for the same period “ that would be applicable in the case of a sentence imposed upon a conviction for the criminal act for which [he] was adjudicated a youth offender ”, i.e., four years.
The defendant however points to certain comments made in several legislative memoranda which suggest that this result was never intended.
He notes that the commission staff which drafted the original young adult statutes (Proposed Penal Law, art. 35; now Revised Penal Law, art. 75) indicated that these provisions “ apply only to persons who are ‘ convicted ’ and this does not include ‘ wayward minors’ * * * or £ youthful offenders ’.” This statement, made in 1964, was followed by the remark that “ [t]he Commission intends to deal with these classifications in connection with its work on the Code of Criminal Procedure.” This impediment, which the commission staff so carefully pointed out, and upon which the defendant here relies, was in fact removed by the 1969 amendment to section 913-m of the Code of Criminal Procedure (L. 1969, ch. 375) authorizing the imposition of a reformatory sentence on a youthful offender, of the same duration which could have been imposed “ upon conviction ”.
The defendant also places heavy reliance upon the legislative memorandum accompanying the current youthful offender statute (CPL art. 720; L. 1971, ch. 981) in which the following comment appears: 11 the second offender charged in a local criminal court and who might be eligible for youthful offender treatment could be sentenced to a reformatory term of imprisonment; while under present law, if accorded youthful offender treatment, he could not.” He suggests that this means that a reformatory sentence for a misdemeanant youthful offender was an innovation which only came into being on September 1, 1971 with the new CPL and was not available under the predecessor statute —■ section 913-m of the Code of Criminal Procedure.
This is obviously a misinterpretation. The “ present law ” referred to is not the Code of Criminal Procedure but the original version of the CPL youthful offender sentencing provision — which was enacted but not in effect at that time — authorizing a reformatory sentence only “ Upon a youthful offender *18 conviction in a superior court.” (CPL 720.55, subd. 1, par. [d], emphasis added.) A later reference makes this quite clear. The new bill (designed to change the original version of the CPL before its effective date), the commission staff noted, “ unlike the GPL, permits the imposition of a reformatory term of imprisonment upon a second offender who is eligible for and in the court’s decision is found a youthful offender.” (Emphasis added.)
In sum' the statutes in effect at the time the defendant was sentenced by their terms authorized a four-year reformatory sentence for a youthful offender adjudication based on a misdemeanor offense and nothing in the legislative history indicates a contrary legislative intent.
The order appealed from should be affirmed.
Chief Judge Bbeitel and Judges Jasen, Gabrielli, Jones, Rabin and Stevens concur.
Order affirmed.